UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC McCOWAN,<br><br>            Petitioner,<br><br>   v.<br><br>M. YARBOROUGH, Warden,<br><br>            Respondent. | CV F 03 5583 AWI LJO HC<br><br>ORDER REGARDING PETITIONER'S OPPOSITION TO ORDER OF APRIL 8, 2005<br><br>[Doc. #28] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On April 8, 2005, this Court issued an order denying Petitioner's request to amend the petition to include newly exhausted claims, because the Court found Petitioner's use of the stay and abeyance procedure abusive. The Court had granted Petitioner a stay of the proceedings pending exhaustion of three claims which he had raised in his petition. For a period of nearly a year, the petition has been stayed for this purpose. However, Petitioner misled the Court into believing that Petitioner was attempting to exhaust those three claims in state court during that period of time. Instead, Petitioner raised two new and different claims to the state courts, yet Petitioner never alerted this Court to this fact. Rather, Petitioner informed the Court repeatedly that he was attempting to

exhaust the three original unexhausted claims. Accordingly, when Petitioner attempted to amend his petition recently with two new claims, the Court denied the request and vacated the stay.

On April 20, 2005, Petitioner filed an opposition to the Court's order. Petitioner states he did not attempt to deceive the Court. Rather, he places the blame on his "jailhouse lawyer." Petitioner requests that his petition be reinstated.

Petitioner is advised that the petition is still pending before the court and has not been dismissed; however, only Ground Two of the petition remains. As thoroughly discussed by the Court in Orders and Findings and Recommendations over the past year and a half, Grounds One, Three, and Four are unexhausted. On April 29, 2004, they were dismissed from the petition.

The Court is hard-pressed to believe that Petitioner was not aware he was pursuing different claims in state court than the claims he had presented to this Court. In any case, the Court does not find good cause to grant still another stay to allow Petitioner to return to the state courts to accomplish what he was supposed to have been doing for the last year.

Accordingly, IT IS HEREBY ORDERED that the action will proceed on the original petition filed with the Court, excluding Grounds One, Three, and Four.

IT IS SO ORDERED.

**Dated:   May 12, 2005**          **/s/ Lawrence J. O'Neill**
b9ed48                                    UNITED STATES MAGISTRATE JUDGE